IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES

VERSUS                          CRIMINAL ACTION NO: 5:07-cr-17-DCB-FKB

CHARLES EDWARD PRICE                                       PETITIONER

## ORDER

This cause comes before the Court on the petitioner's Motions to Return Property [docket entry nos. 284, 303]. Having carefully considered the Motions, Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Charles Edward Price ("petitioner") was convicted of conspiracy to possess with the intent to distribute cocain base on January 2, 2008, pursuant to a plea agreement with the government. As a condition of his guilty plea, the petitioner agreed to forfeit his interests in $10,300.00 U.S. currency that was seized at his residence at the time of his arrest pursuant to a valid search warrant. In his plea agreement, the petitioner admitted that said property was his and that he used, or intended the property to be used, to commit or facilitate the commission of (Count 2) conspiracy to possess with the intent to distribute cocain base.

On July 27, 2007, this Court granted the government's Motion for Criminal Forfeiture of Property [docket entry no. 108] pursuant to 21 U.S.C. § 853. The Court's Final Judgment [docket entry no. 220] also incorporated the Agreed Preliminary Order of Forfeiture

as agreed to in the plea agreement. Although the preliminary order does not appear on the electronic docket, it is clear from the transcript that this document was executed by the petitioner at his sentencing. However, the petitioner refused to execute a replacement Agreed Preliminary Order of Forfeiture and filed the instant motion. In the instant motion, the petitioner argues that the property is not unlawful nor was it ever used, obtained or profited by any illegal means.

The forfeiture of property in a drug-related sentence is part of the sentence, not part of the offense. Libretti v. U.S., 516 U.S. 29, 41 (1995). The Court's Final Judgment incorporated the Agreed Preliminary Order of Forfeiture, and the Court's oral pronouncement of forfeiture at sentencing is sufficient to make the order binding. U.S. v. McCormick, 2006 WL 1722197, *3 (E.D. Mich. 2006)(citing U.S. v. Cofield, 233 F.3d 405, 406-07 (6th Cir. 2000)). Inasmuch as the petitioner fully understood the plea agreement, forfeited his interest in the property as part of his plea agreement, and the Agreed Order of Forfeiture was incorporated into the Final Judgment, this Court finds that the petitioner's motion is without merit.

Accordingly,

IT IS HEREBY ORDERED that the petitioner's Motions for Return of Property [docket entry nos. 284, 303] are DENIED.

SO ORDERED AND ADJUDGED this the 12th day of April 2010.

                                              s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE