IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**UNITED STATES**                                                                       **PLAINTIFF**

**VS.**                                    **CRIMINAL ACTION NO: 5:07-cr-17-DCB-FKB**
                                           **CIVIL ACTION NO: 5:15-cv-15-DCB**

**CHARLES EDWARD PRICE**                                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on Motion of the Defendant, Charles Edward Price, For Prosecutorial Misconduct Presenting False Evidence **[docket entry no. 390]**. The Court has previously construed this motion as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Order, ECF No. 398. Having carefully considered said Motion, the Government's opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Defendant Charles Edward Price was convicted of conspiracy to possess with the intent to distribute cocaine base on January 2, 2008, pursuant to a plea agreement, and sentenced to 292 months. As part of his plea agreement, Price waived his right to contest his sentence in a post-conviction proceeding. On February 9, 2010, Price filed his first motion under Section 2255. This Court found, in ruling on that motion, that Price's plea agreement was entered

1

into voluntarily and knowingly and that it effectively waived the arguments made in the motion. Order 9, ECF No. 347.

Price filed this motion on March 7, 2014, making claims for (1) prosecutorial misconduct, (2) breach of his plea agreement, and (3) inaccurate information in the presentence report. Mot. 1, ECF No. 390. Because the actions antecedent to these claims occurred before the filing of his initial Section 2255 motion, they could have been brought in that motion. Accordingly, they are considered successive and require certification from the Fifth Circuit. See United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000). "A second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . . ." 28 U.S.C. § 2255(h). Price did not seek certification before filing. Without such certification, this Court cannot entertain the motion, and it will, therefore, be denied.

Further, the waiver contained in the plea agreement would effectively bar these claims. This Court previously found that waiver valid, and the Fifth Circuit denied Price's application for a certificate of appealability. See Judgment of USCA 2, ECF No. 379. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Prosecutorial Misconduct, construed as a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, is DENIED.

SO ORDERED this the 23rd day of February 2015.

                                      <u>/s/ David Bramlette</u>
                                      UNITED STATES DISTRICT JUDGE